UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Quicken Loans, Inc., | C/A No. 8:17-cv-02154-DCC |
| Plaintiff, | |
| vs. | |
| | ORDER OF FORECLOSURE |
| Joseph Trizzino, Individually and as the Personal Representative of the Estate of Thomas G. Trizzino, | AND SALE |
| Defendant. | |

This action for the foreclosure of a mortgage upon certain real estate in Oconee County, South Carolina, comes before the Court on the Motion for Default Judgment filed by Plaintiff Quicken Loans, Inc., on December 22, 2017. ECF No. 12. The Court decides the motion without hearing as permitted by Local Civil Rule 7.08 (D.S.C.). The Court holds that Plaintiff is entitled to foreclosure of the mortgage at issue herein and that the mortgaged property should be sold at a public auction after due advertisement. The Court's holding is based on the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. The facts, as set forth by Plaintiff in its Complaint, ECF No. 1, and in the affidavit, declarations, and memorandum of law filed with Plaintiff's Motion for Default Judgment, ECF No. 12, are undisputed by the defendant to this action. Defendant is in default for failure to respond to the Complaint. *See* ECF No. 9.

2. Plaintiff is a mortgage lending company organized under the laws of the State of Michigan with its principal place of business located in the State of Michigan. ECF No. 1 at 1.

3. Defendant was personally served with a copy of the Complaint at an address in New

City, New York. ECF No. 16.[1]

4. The amount in controversy in this matter exceeds the sum of $75,000.00.

5. The real property which is the subject of this foreclosure action (hereafter the "subject property") is located in Oconee County, South Carolina, and is described as follows:

> All that certain piece, parcel or lot of land lying and being situated in the State of South Carolina, County of Oconee, being known and designated as Lot Number SIXTEEN (16) of WALNUT GROVE Subdivision, as shown and more fully described on a plat thereof prepared by Michael L. Henderson, PS 6946, dated July 25, 1995 and recorded in Plat Book A393, at Page 9, records of Oconee County, South Carolina.
> This being the same subject property conveyed to Thomas G. Trizzino by deed of Hubert Stanley Smith dated August 8, 1995, and recorded August 9, 1995, in Deed Book 828 at Page 133 in the Office of Register Deeds for Oconee County.
>
> Property Address:   319 South Lawrence Ave.
>                     Seneca, South Carolina 29678

TMS# 520-54-08-016

ECF No. 12-3 at 4.

6. Thomas G. Trizzino was the owner of the subject property by virtue of a deed dated August 8, 1995, and recorded in the Office of the Register of Deeds for Oconee County on August 9, 1995.

7. Thomas G. Trizzino made, executed, and delivered to Plaintiff a fixed rate promissory note ("Note") dated May 25, 2016, in the principal sum of $72,900.00, payable in monthly

---

[1] Plaintiff initially filed a Certificate of Service that had not been signed or dated by the process server. ECF No. 13. On February 13, 2018, Plaintiff filed a properly completed and notarized Affidavit of Service. ECF No. 16.

installments. Plaintiff currently has possession of the original note.

8. Paragraph 6(E) of the Note provided that if it should be placed in the hands of an attorney for enforcement, all costs of enforcement, including a reasonable attorney's fee, would be recoverable by Plaintiff.

9. In order to secure the payment of the Note according to its terms and conditions, Thomas G. Trizzino made, executed, and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Plaintiff, its successors and assigns, a real estate mortgage ("Mortgage") covering the subject property and its improvements.

10. The Mortgage was signed, witnessed, and probated on May 25, 2016; thereafter, the Mortgage was recorded in the Office if the Clerk of Court for Oconee County on June 9, 2016, in Mortgage Book 3497 at Page 279.

11. The legal description in the Mortgage incorrectly recorded that the plat of the subject property is located in Plat Book "A393" at Page 9 in the Office of the Register of Deeds for Oconee County. The correct plat is located in Plat Book "A353" at Page 9 of that office. It appears this is merely a scrivener's error. *See* ECF No. 12-3 at 1.

12. Paragraph 22 of the Mortgage provided that if it should be placed in the hands of an attorney for foreclosure, all costs of foreclosure, including a reasonable attorney's fee, would become additional debt secured thereunder that Plaintiff would be entitled to recover.

13. The Mortgage was assigned to Plaintiff by Assignment of Mortgage dated May 1, 2017, in Book 3608 at Page 172.

14. Thomas G. Trizzino passed away on December 13, 2016. ECF No. 12-3 at 25–27 (probate records of Oconee County).

15. Under his Last Will and Testament dated January 26, 2016, Thomas G. Trizzino appointed Defendant as the Personal Representative of his estate and devised his real property to Defendant.

16. Pursuant to the Mortgage, Defendant's failure to make monthly installments when due under the Note constituted breach of the Mortgage. After all payments received by Plaintiff are credited to the subject loan, the loan is in default and due for the February 1, 2017, payment.

17. By letter dated March 31, 2017, Plaintiff mailed notice to the subject property of the right to cure the loan default and warned that failure to do so could result in debt acceleration, foreclosure, and sale of the subject property.

18. Defendant failed to cure the loan default.

19. Plaintiff then accelerated the loan.

20. Defendant has failed to provide payment of the entire debt in full to Plaintiff.

21. According to the Affidavit of Laura Miller, filed in support of Plaintiff's Motion for Default Judgment, the debt owed to Plaintiff under the Note and Mortgage through December 27, 2017, was as follows:

(a) Principal ................................................................................$72,072.23

(b) Interest through December 27, 2017, at 3.375% per annum ........$2,402.97

(c) Escrow Advances .......................................................$3,342.63

(d) Property Preservation Charges .................................................$10,292.00

(e) Property Inspections .......................................................$136.00

(f) NSF Charges ..............................................................$30.00

(e) Pre-acceleration Late Charges ...........................................$51.56

TOTAL ................................................................................$88,327.39

22. According to the same affidavit, interest accrues on the principal at a rate of $6.66 per day.

23. On August 15, 2017, Plaintiff filed this action to foreclose the Mortgage. ECF No. 1.

24. On August 15, 2017, Plaintiff filed a lis pendens against the subject property concerning this action in the Office of the Clerk of Court of Oconee County. As of the time of that filing, there were no other liens or interests against the subject property recorded in the Office of the Clerk of Court of Oconee County.

25. Defendant failed to respond to the Complaint within the time period prescribed by the Federal Rules of Civil Procedure, and the Clerk of Court entered default against him. ECF No. 9.

26. Plaintiff has employed counsel to prosecute this action and has incurred attorneys' fees and costs in this action. According to the declaration of Plaintiff's counsel in this action, Plaintiff has incurred attorneys' fees in the amount of $7,409.00 and costs in the amount of $1,013.30 in connection with this action through the date of the filing of its Motion for Default

Judgment.

27. In the Complaint, Plaintiff waived its right to a personal judgment against Defendant pursuant to S.C. Code Ann. §§ 29-3-650 and 29-3-660 (2012) for any deficiency remaining on the debt after the foreclosure sale of the subject property.

## **LEGAL STANDARD**

"A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right." *Paddock Indus. v. Paddock Pool Constr. Co.*, C/A No. 0:15-cv-03292-JFA, 2015 WL 7184849, at *3 (D.S.C. Nov. 12, 2015). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). "The defendant, by his default, admits the plaintiff's well pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . ." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 4780 (4th Cir. 2001). Thereafter, the court must determine whether the well-pleaded allegations in the complaint support the relief sought in the action. *Id*.

"[W]hile a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." *Paddock Indus.*, 2015 WL 7184849, at *3 (citing *Cement and Concrete Workers Dist. Council Welfare Fund*, 699 F.3d 230, 234 (2nd Cir. 2012)). "Plaintiff must provide an evidentiary basis for the damages sought." *Id*. "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not

mandatory." *Id*.

## CONCLUSIONS OF LAW

1. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332.

2. Venue in this District is appropriate under 28 U.S.C. § 1391(b)(2) as the subject property is located in this District.

3. This case is appropriately filed in the Anderson/Greenwood Division of this Court as the subject property is located in this Division.

4. The Home Affordable Modification Program does not apply to the mortgage loan at issue in this case as that program expired on December 31, 2016, prior to the referral of the loan for foreclosure.

5. This foreclosure action involves a loan secured by real property that is not an "Owner-Occupied dwelling" as defined by Supreme Court of South Carolina Administrative Order 2011-05-02-01; therefore, it is not subject to the foreclosure intervention requirements of that order.

6. Plaintiff has the legal right to enforce the Note because it is the holder of the Note, which is indorsed in blank. S.C. Code Ann. § 36-3-301 (2015) ("'Person entitled to enforce' an instrument means (I) the holder of the instrument…"); S.C. Code Ann. § 36-1-201(20) (2013) ("'Holder' means: (A) the person in possession of a negotiable instrument that is payable either to bearer or an identified person that is the person in possession…"); S.C. Code Ann. § 36-3-205(b) (2012) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and

may be negotiated by transfer of possession alone until specially indorsed.").

7. Because a mortgage automatically follows the promissory note that it secures, and because there is a written and recorded assignment of the Mortgage to Plaintiff, Plaintiff has the legal right to enforce the Mortgage. *See Union Nat'l Bank v. Cook*, 96 S.E. 484, 489 (S.C. 1918) ("The note is the principal and the mortgage is the incident and follows the note in its delivery from one person to another."); *Bank of Am., N.A. v. Draper*, 746 S.E.2d 478, 481 (S.C. Ct. App. 2013) ("[T]he assignment of a note secured by a mortgage carries with it an assignment of the mortgage . . . ."); *see also Carpenter v. Longan*, 83 U.S. 271, 275 (1872) ("All the authorities agree that the debt is the principal thing and the mortgage an accessory.").

8. The Mortgage evidences and secures the repayment of all money advanced by Plaintiff to, or on behalf of, Defendant.

9. Defendant's loan default constitutes a breach of the Note and Mortgage.

10. Plaintiff is entitled to a reformation of the Mortgage to correct the plat reference in the legal description to "Plat Book A353." The plat book and page number in the legal description in the deed to the subject property were written by hand and are difficult to read. *See* ECF No. 12-3 at 4. The plat recorded in Book A353 at Page 9 in the Office of the Register of Deeds for Oconee County specifically states that it was prepared for Thomas G. Trizzino and references the book and page number at which his title to the subject property is recorded. Although the legal description in the Mortgage references plat book "A393," the legal description is identical to the description in the deed. *See Progressive Max Ins. Co v. Floating Caps, Inc.*, 747 S.E.2d 178, 186 (S.C. 2013) ("A

contract may be reformed on the ground of mistake when the mistake is mutual and consists [of] the omission or insertion of some material element affecting the subject matter or the terms and stipulations of the contract, inconsistent with those of the parol agreement which necessarily preceded it.").

11. The Court concludes that the attorney's fees in the amount of $7,409.00 and costs in the amount of $1,013.30 incurred by Plaintiff are reasonable in amount and awards them to Plaintiff. "There are six factors to consider in determining an award of attorney's fees: 1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained." *Blumberg v. Nealco*, 427 S.E.2d 659, 660 (S.C. 1993). The Court finds that the attorneys' fees incurred by Plaintiff are reasonable in relation to the services performed in this action. The fees are likewise reasonable based on the time that Plaintiff's counsel necessarily devoted to the representation of Plaintiff during the course of this action. The services of Plaintiff's counsel performed for Plaintiff, which include the number and types of pleadings and documents prepared, the incumbent liabilities, and the difficulties involved in this particular case support the fees awarded. The fees awarded are reasonable given the professional standing of Plaintiff's counsel and their experience in handling foreclosure matters. The fees are also reasonable in light of the fees customarily awarded by this Court for similar services in this locality. Finally, the efforts of Plaintiff's counsel have had the beneficial result of a successful foreclosure of the Mortgage, which further justifies the fee award.

12. "No sale under or by virtue of any mortgage or other instrument in writing intended as security for a debt, conferring a power upon the mortgagee or creditor to sell the mortgaged or pledged property while such power remains of force or has not been revoked by the death of the person executing such mortgage or instrument, shall be valid to pass the title of the land mortgaged unless the debt for which the security is given shall be first established by the judgment of some court of competent jurisdiction …." S.C. Code Ann. § 29-3-630 (2012).

13. After including the attorney's fees and costs awarded to Plaintiff herein, the total debt due to Plaintiff under the Note and Mortgage as of January 1, 2018, is:

(a) Principal ................................................................................$72,072.23

(b) Interest through December 27, 2017, at 3.375% per annum ........$2,402.97

(c) Escrow Advances .......................................................................$3,342.63

(d) Property Preservation Charges ...................................................$10,292.00

(e) Property Inspections ...................................................................$136.00

(f) NSF Charges ..............................................................................$30.00

(e) Pre-acceleration Late Charges .........................................................$51.56

(g) Attorney's Fees ..........................................................................$7,409.00

(h) Costs ..........................................................................................$1,013.30

TOTAL ..............................................................................................$96,749.69

14. Plaintiff is entitled to a judgment of foreclosure in the amount of $96,749.69 plus interest of 3.375% from December 27, 2017, through the date of entry of this judgment.

15. After entry of this judgment, interest shall accrue on the total judgment amount at the yearly rate of 3.375%.

16. To satisfy the judgment, the Court orders the subject property to be sold by the United States Marshal or a duly authorized Deputy at a public auction at the Oconee County Courthouse after due advertisement. 28 U.S.C. § 2001(a) ("Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs."); 28 U.S.C. § 2002 ("A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated.").

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

17. There is due to Plaintiff on the Note and Mortgage the sum of $96,749.69 plus interest of 3.375% from December 27, 2017, through the date of entry of this judgment.

18. The amount due in the preceding paragraph (the "Indebtedness") shall constitute the total judgment debt due to Plaintiff and shall bear interest after the date of the judgment at the yearly rate of 3.375%

19. To avoid the sale of the subject property, Defendant may, on or before the date of the

sale of the subject property, pay to Plaintiff's attorney the amount of the Indebtedness, together with interest, costs, and expenses.

20. Otherwise, the subject property shall be sold by the United States Marshal or a duly authorized Deputy after having been advertised for sale for once a week for four weeks before the sale in the Journal, or any other newspaper regularly issued and of general circulation in Oconee County, at public auction at the Oconee County Courthouse, South Carolina, on some convenient sales date set by the United States Marshal as stated in a published notice of sale on the following terms:

    a. FOR CASH: The United States Marshal or a duly authorized Deputy shall require an immediate deposit of 5% on the amount bid (in cash or equivalent), the same to be applied on the purchase price only upon compliance with the bid, but in case of non-compliance within 20 days the deposit shall be forfeited and applied to the costs and any surplus, pending further order of the Court.

    b. Interest on the balance of the bid shall be paid through the day of compliance at the rate of 3.375%.

    c. The sale shall be subject to the taxes and assessments due on the day of such sale, and existing easements and restrictions of record.

    d. Purchaser shall pay for the preparation of, costs of recording of, and transfer taxes on the deed, as well as any commission on sale or deposit required by the United States Marshal.

e. Purchaser shall be entitled to possession of the subject property only after Purchaser fully complies with the bid amount and a deed is issued by the United States Marshal.

21. If Plaintiff is the successful bidder at the sale, for a sum not exceeding the amount of costs, expenses, post-judgment interest, and the Indebtedness in full, Plaintiff may pay to the United States Marshal only the amount of the costs and expenses of the sale, crediting the balance of the bid on the Indebtedness.

22. In the event that an agent of Plaintiff does not appear at the time of sale, the subject property shall be withdrawn from sale and sold at the next available sales date upon the same terms and conditions as set forth in this Order of Foreclosure and Sale or such terms as may be set forth in a supplemental order.

23. Plaintiff having waived its right to a deficiency judgment, the bidding will not remain open after the date of the sale and compliance with the bid may be made immediately.

24. The United States Marshal or a duly authorized Deputy shall apply the proceeds of the sale as follows:

> First: To the payment of the permitted costs, charges, and expenses of this action.
>
> Next: To the payment to Plaintiff or its attorney, of the amount of indebtedness and interest, or so much thereof as the purchase money will pay on the same.
>
> Next: Any surplus will be held by the United States Marshal or a duly authorized Deputy pending further order of the Court.

25. Upon full compliance with the terms of sale, the United States Marshal shall convey

title in fee simple to the purchaser or his nominee, the purchaser shall be let into possession of the subject property upon production of the United States Marshal's deed, and all persons holding adversely to the purchaser shall be ejected from the subject property by the United States Marshal or Sheriff of Oconee County.

26. After the sale of the subject property, and as soon as the sale by the United States Marshal is complete and has been approved by the Court, Defendant, or other persons in possession, shall vacate the subject property and surrender the subject property without damage or vandalism. Upon failure of Defendant, or persons in possession, to vacate the subject property, the United States Marshal or a duly authorized Deputy, or the Sheriff of Oconee County, is authorized and empowered to enter upon the subject property and evict any occupants therefrom. The United States Marshal or a duly authorized Deputy, or the Sheriff of Oconee County, is also authorized to remove from the subject property any furniture or other possessions of Defendant, or other person in possession, and any interference with the activities of the Marshal shall be treated as contempt of court. However, all valid tenant rights shall be protected pursuant to the Protecting Tenants at Foreclosure Act of 2009.

27. All Defendants named herein, and all persons whosoever claiming under them, are forever barred and foreclosed of all right, title, interest, and equity of redemption in the subject property so sold or any part thereof.

28. Pursuant to S.C. Code Ann. § 30-9-31 (2017), the deed of conveyance made pursuant to said sale shall be indexed in the grantor index by the Oconee County Register of Deeds in the

name of the owner of record of the subject property immediately before execution of the deed, as well as in the name of the United States Marshal who executes such deed as grantor.

29. The Court will retain jurisdiction to do all of the necessary acts incidental to this foreclosure, including, but not limited to, the issuance of a Writ of Assistance and disposing of any surplus funds consistent with the provisions that would be applicable under Rule 71(c) of the South Carolina Rules of Civil Procedure if this case was in state court.

30. The following is a description of the property herein ordered to be sold:

> All that certain piece, parcel or lot of land lying and being situated in the State of South Carolina, County of Oconee, being known and designated as Lot Number SIXTEEN (16) of WALNUT GROVE Subdivision, as shown and more fully described on a plat thereof prepared by Michael L. Henderson, PS 6946, dated July 25, 1995 and recorded in Plat Book A3[5]3, at Page 9, records of Oconee County, South Carolina.
>
> This being the same subject property conveyed to Thomas G. Trizzino by deed of Hubert Stanley Smith dated August 8, 1995, and recorded August 9, 1995, in Deed Book 828 at Page 133 in the Office of Register Deeds for Oconee County.
>
> Property Address: 319 South Lawrence Ave.
> Seneca, South Carolina 29678
>
> TMS# 520-54-08-016

**IT IS SO ORDERED.**

s/Donald C. Coggins, Jr.
United States District Judge

February 14, 2018
Spartanburg, South Carolina